UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL TERRASE                                             CIVIL ACTION

VERSUS                                                              NO. 22-9-JWD-EWD

LT. LOGAN ROBICHEAUX, ET AL.

## RULING AND ORDER

Before the Court is a Motion to Strike Plaintiff's "Amended Complaint" [1-5] ("Motion"),[1] filed by the State of Louisiana, through the Louisiana Department of Public Safety and Corrections ("DPSC") and Lt. Logan Robicheaux ("Lt. Robicheaux") (collectively, "Defendants"), which seeks an order striking from the record the Amended Petition,[2] filed by Plaintiff Michael Terrase while this matter was still pending in state court, because (1) the "Amended Petition was filed during and in violation of the automatic stay of the suit pursuant to La. R.S. 15:1186(B)(2)(a)," and (2) the Amended Petition is actually a "supplemental petition, which was not filed with leave of court."[3] Plaintiff opposes the Motion.[4] As Defendants have not met the heavy burden of establishing that the Amended Petition should be stricken, the Motion will be denied.[5]

**I.    BACKGROUND**

On March 10, 2021, Plaintiff filed a Petition for Damages/Use of Force in the Twentieth Judicial District Court for the Parish of West Feliciana, Louisiana.[6] Plaintiff asserted three bases

---

[1] R. Doc. 3.
[2] R. Doc. 1-5.
[3] R. Doc. 3.
[4] R. Doc. 5.
[5] A motion to strike is not among the motions expressly excluded from direct ruling by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). Further, as motions for leave to amend are generally considered nondispositive in nature (*see, e.g., Bona Fide Demolition and Recovery, LLC v. Crosby Construction Co. of La., Inc.*, 07-3115, 2010 WL 4176858, *1 (E.D. La. Oct. 20, 2010) (collecting cases)), it follows that motions to strike amended complaints are also nondispositive. Accordingly, a direct ruling is issued on the Motion to Strike.
[6] R. Doc. 1-2.

for recovery: (1) a claim under 42 U.S.C. § 1983, including a request for costs and attorneys' fees under 42 U.S.C. § 1988 and punitive damages under § 1983, *et seq*, for violation of his Eighth Amendment rights; (2) negligence under Louisiana law; and (3) respondeat superior stemming from the alleged use of excessive force on May 4, 2020.[7] That same day, Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP Motion"), which was granted.[8] However, pursuant to La. R.S. § 15:1186, the Order granting the IFP Motion also (1) ordered Plaintiff to pay an "initial filing fee of $550.00…plus all cost accruing after the filing of the suit," and (2) "automatically stayed all proceedings, including any service of process, until all costs of court or fees due the clerk by Plaintiff in this matter are paid."[9]

On May 17, 2021, Plaintiff filed an Amended Petition for Damages/Use of Force.[10] In the Amended Petition, Plaintiff re-alleged all his claims against Defendants.[11] He also added named a new defendant, Dr. Randy Lavespere ("Dr. Lavespere"), alleging that after the May 4 use of force incident, Dr. Lavespere retaliated against Plaintiff after learning that Plaintiff was "pressing for his legal remedies" by kicking Plaintiff out of the medical unit; denying Plaintiff a wheel chair, treatment/exams, and/or physical therapy ordered by other health care providers; and/or canceling orders by other health care providers, among other things.[12] The claims against Dr. Lavespere are the same as the claims against the other Defendants but are based on his "failure to treat" Plaintiff after the May 4 use of force incident.

---

[7] R. Doc. 1-2, ¶¶ 47-60. Additionally, with respect to these claims, Plaintiff alleges that "all administrative procedure[s] were exhausted on January 5, 2021 through 2nd step in LSP-2020-1494." *Id*., ¶ 2.
[8] R. Doc. 1-3.
[9] *Id*. at p. 2 (cleaned up).
[10] R. Doc. 1-5.
[11] *Id*. at ¶¶ 3, 48-61.
[12] *Id*. at ¶¶ 3, 33-35. Notably, the allegations against Dr. Lavespere were included in the original Petition, even though he was not named as a defendant in that pleading. *See* R. Doc. 1-2, ¶¶ 33-34. With respect to the claims against Dr. Lavespere, Plaintiff alleges that "all administrative procedure[s] were exhausted…in LSP-2020-1927 on April 7, 2021, for failure to treat." R. Doc. 1-5, ¶ 2.

On October 28, 2021, Plaintiff filed a Motion to Lift Stay, asserting that there are "no outstanding costs at the time of this filing."[13] The state district court "denied" the Motion to Stay on October 29, 2021, explaining that "per the Clerk's office, Plaintiff initially owed $550.00 but paid $319.34, such that he still owes $230.66."[14]

On November 17, 2021, after obtaining a "Civil Case Ledger Report" showing that Plaintiff paid all $550.00 in court costs/fees owed, Plaintiff filed a second Motion to Lift Stay.[15] In connection with the filing of the second Motion to Stay, Plaintiff also sent a letter to the Clerk's Office noting that the Clerk's Office "already ha[d] two copies of the original and amended petitions" and asking that citation be issued to and service made on all defendants.[16] On November 18, 2021, the state court granted Plaintiff's second Motion to Lift Stay. Defendants were served with the original Petition and Amended Petition on December 13, 2021.[17] They removed the case on January 6, 2022, asserting that this Court has jurisdiction under 28 U.S.C. § 1331.[18]

On January 31, 2021, Defendants filed the Motion,[19] which is opposed.[20] The Court held a telephone conference with the parties on June 21, 2022 to discuss the Motion, which did not resolve the issues presented.[21]

**II.   LAW & ANALYSIS**

    **A.   Standard on Rule 12(f) Motions to Strike**

Under Fed. R. Civ. P. 12(f), the court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A district court "possesses

---

[13] R. Doc. 1-6.
[14] *Id.* (cleaned up).
[15] *Id.*, pp. 5-7.
[16] R. Doc. 1-7, p. 1.
[17] R. Doc. 1-8. The service return notes that service was not accepted for "J. Johnson" because he is "unk[nown]."
[18] R. Doc. 1.
[19] R. Doc. 3.
[20] R. Doc. 5
[21] *See* R. Docs. 8 & 9.

3

considerable discretion in disposing of a Rule 12(f) motion to strike."[22] Motions to strike "should be granted only when" the mover shows (1) that "the pleading to be stricken has no possible relation to the controversy," and (2) that the "presence of the challenged allegations in the pleading through the proceeding will be prejudicial."[23] "Any doubt about whether the challenged material is redundant, immaterial, impertinent, or scandalous should be resolved in favor of the non-moving party."[24] Accordingly, "[t]his standard is a 'heavy burden' and a 'high bar.'"[25] Indeed, "motions to strike under Rule 12(f) are disfavored and should be used sparingly by the courts because they are considered a drastic remedy to be resorted to only when required for the purposes of justice."[26]

**B.   Analysis**

    **1.   It is Not Clear whether La. R.S. 15:1186(B) Required Court Action to Lift the Stay or whether the Stay was Lifted by Operation of Law through Plaintiff's Payment of Costs Before Filing the Amended Petition**

Defendants argue that Plaintiff's Amended Petition must be stricken because it was filed during the pendency of the automatic stay imposed by La. R.S. § 15:1186(B), which "automatically" stays "all proceedings, including any service of process," until "all costs of court

---

[22] *Snearl v. City of Port Allen*, No. 21-455, 2022 WL 2129088, at *13-14 (M.D. La. June 14, 2022), quoting 5C Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure* (Wright & Miller) § 1382 (3d ed. 2022). *See also U.S. v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012) (stating that the Fifth Circuit "review[s] a district court's ruling on a motion to strike for abuse of discretion."). *See also Frank v. Shell Oil Co.*, 828 F.Supp.2d 835, 852 (E.D. La. 2011), *reconsideration granted in part on other grounds*, No. 11-871, 2012 WL 1230736 (E.D. La. Apr. 12, 2012) ("The decision to grant or deny a motion to strike lies within the sound discretion of the trial court." (citations omitted)).
[23] *Snearl*, 2022 WL 2129088, at *14 (internal citations and quotations omitted). *See also Frank*, 828 F.Supp.2d at 852 ("A motion to strike should be granted only when the 'allegations are prejudicial to the defendant or immaterial to the lawsuit.'" (citations omitted)); Wright & Miller, *supra*, at § 1382 ("[T]here appears to be general judicial agreement…that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.").
[24] *Snearl*, 2022 WL 2129088, at *15, quoting Wright & Miller, *supra*, at § 1382.
[25] *Snearl*, 2022 WL 2129088, at *14, quoting *Gilchrist v. Schlumberger Tech. Corp.*, 321 F.R.D. 300, 302 (W.D. Tex. 2017) and *Global Adr, Inc. v. City of Hammond*, No. 03-457, 2003 WL 21146696, at *1 (E.D. La. May 15, 2003).
[26] *Frank*, 828 F.Supp.2d at 852 (internal quotations and citations omitted). *See also Snearl*, 2022 WL 2129088, at *15 (stating, "[T]he action of striking a pleading should be sparingly used by the court. [S]triking a portion of a pleading is a drastic remedy. Consequently, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." (internal quotations and citations omitted)).

or fees due the clerk by the plaintiff in this matter are paid."[27] Defendants contend (1) that Plaintiff paid the costs and fees owed "sometime between October 27, 2021, and November 17, 2021," and (2) that Plaintiff "filed the Amended Complaint on May 17, 2021, <u>six months</u> before the stay was lifted."[28] In opposition, Plaintiff argues that had Defendants "check[ed] the state court record, they would have found that a motion to lift stay was filed, denied, refiled, and granted, all before the Amended Petition was filed."[29]

As both parties acknowledge, pursuant to La. R.S. § 15:1186(B)(2)(a) all proceedings by a prisoner proceeding in forma pauperis are automatically stayed "*until all costs of court or fees due the clerk…are paid.*" (emphasis added).[30] It is not clear from the language of the provision whether a motion to lift the stay must be filed or whether the stay is lifted by operation of law once all fees and costs due are paid. Defendants, who bear the burden as to the Motion, have not provided any authority for the interpretation of the statute.

Additionally, Defendants' claim that Plaintiff paid the costs and fees owed to the clerk between "October 27, 2021, and November 17, 2021," is not supported by the record. To the contrary, the Civil Suit Ledger attached to Plaintiff's Opposition (and appearing elsewhere in the record) shows that Plaintiff had a *positive* balance of $86.33 with the clerk—meaning, all costs and fees to the clerk had been paid—on May 17, 2021, the same day he filed the Amended Petition. Considering that "all costs of court or fees due the clerk" were paid, Defendants have not established that the automatic stay under § 15:1186 precluded Plaintiff from filing his Amended

---

[27] R. Doc. 3-1, p. 2.
[28] *Id*.
[29] R. Doc. 5, p. 1.
[30] 15:1186(B)(2)(a) states: "The order granting a prisoner's request to proceed in forma pauperis automatically stays all proceedings, including any service of process, until all costs of court or fees due the clerk by the prisoner in this matter are paid. During the pendency of the stay the prisoner may not take any action to prosecute the suit, including but not limited to filing any pleadings, discovery, or motions other than a motion for voluntary dismissal or a motion to lift the stay because all costs have been paid.

Petition. As such, Defendants' first argument is without merit and does not warrant striking Plaintiff's Amended Petition.

### 2. Defendants Have not Shown that Leave of Court Was Required for Plaintiff's Amended Petition

Defendants next argue that Plaintiff's Amended Petition is actually a supplemental petition because it added "claims regarding 'failure to treat' against Dr. Lavespere, which were allegedly exhausted on April 7, 2021."[31] Without citing any authority Defendants state, in conclusory fashion, that Plaintiff's claims against Dr. Lavespere became "exigible on April 7, 2021, about one month after suit was originally filed."[32] According to Defendants, because the claims against Dr. Lavespere became exigible after Plaintiff filed the original Petition, Plaintiff's "Amended Petition" is actually a supplemental petition, which "may only be filed with leave of court 'on motion of a party, upon reasonable notice, and upon such terms as are just.'"[33] Defendants contend that Plaintiff's "supplemental petition," which was filed without leave of court, is a "nullity" and "totally without effect" and must be stricken.[34]

In response, Plaintiff argues that "in state court a petition may be amended or supplemented without leave where there has been no answer filed."[35] Plaintiff contends that his Amended

---

[31] R. Doc. 3-1, p. 3.
[32] *Id*.
[33] R. Doc. 3-1, citing La. C.C.P. art. 1155 ("The court, on a motion of a party, upon reasonable notice an upon such terms as are just, may permit mover to file a supplemental petition…setting forth items of damages, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.").
[34] R. Doc. 3-1, pp. 3-4, citing *Gaspard v. Safeway Ins. Co.*, 2015-1197 (La. App. 1 Cir. 8/31/16), 202 So.3d 1128, 1131 ("Likewise, the court may permit the plaintiff to file a supplemental petition only on a motion of a party, upon reasonable notice and upon such terms as are just. Therefore, *after an answer has been filed*, and without the written consent of the adverse party, the authorization of the filing of a supplemental and/or amending petition is within the discretion of the trial court." (emphasis added; citations omitted)). The Court questions the applicability of *Gaspard* here because that opinion implies that the requirement to seek leave to file a supplemental petition is contingent on an answer having been filed, which undisputedly has not occurred in this case—either prior to the filing of Plaintiff's Amended Complaint or to date.
[35] R. Doc. 5, p. 1. As an alternative argument, Plaintiff contends that the Motion should be denied because Defendants "failed to cite any authority that requires leave of court to file a supplemental petition when it is filed prior to the answer." *Id*. at p. 3.

6

Petition is, in fact, an amended petition because the claims against Dr. Lavespere for "failure to treat" stem from a "denial of medical care that took place *before* the filing of the Petition," even though Plaintiff's claim against Dr. Lavespere was not exhausted through the 2nd step of the prison grievance process until April 7, 2021.[36] According to Plaintiff, because the "wrongful conduct occurred prior to the filing of the [] Petition," Plaintiff contends that the Amended Petition is an amended—not supplemental—petition that was properly filed without leave of court under La. C.C.P. art. 1151 because no answer had been filed.[37]

Until Defendants filed their Notice of Removal on January 6, 2022 and provided the state court with notice, the state district court properly exercised jurisdiction in this action.[38] Amendment and/or supplementation of a petition in state court is governed by the Louisiana Code of Civil Procedure, including articles 1151 and 1155.[39] Louisiana courts describe the difference between amended pleadings and supplemental pleadings as follows:

> An "amended pleading" differs from a "supplemental pleading" in that the former involves matters that occurred before the original petition was filed, which were either overlooked by the pleader or were unknown to him at the time, while the latter covers issues or causes of action that have arisen since the filing of the original petition, and which relate to the issues or causes of action contained in the original petition.[40]

Here, Plaintiff's claim against Dr. Lavespere arose prior to the filing of the original Petition. "Under federal law, a section 1983 action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action."[41] Plaintiff alleges that Dr.

---

[36] *Id.*, at pp. 2-3 (cleaned up but emphasis in original). Plaintiff explained that the fact "underlying the failure to treat/medical negligence claim began shortly after the use of force and continued up and through the time the Petition was filed on March 10, 2021." *Id.* at p. 2.
[37] R. Doc. 3-1, pp. 2-3. *See also* La. C.C.P. art. 1151 ("A plaintiff may amend his petition without leave of court any time before the answer thereto is served…").
[38] *Porter v. Loney*, No 16-100, 2017 WL 9485598, at *3 (M.D. La. May 18, 2017), citing 28 U.S.C. § 1446(d)).
[39] *Turner v. GoAuto Ins. Co.*, No. 21-557, 2021 WL 4785498, at *2, n. 1 (M.D. La. Oct. 13, 2021).
[40] *Whitney Bank v. Rayford*, 2021-0407 (La.App. 1 Cir. 4/5/22), 341 So.3d 741, 745 & n. 7.
[41] *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999) (internal quotations and citations omitted). As the *Harris* court also explained, "[f]ederal courts borrows state statutes of limitations to govern claims brought under section

Lavespere's mistreatment began shortly after Plaintiff returned from "emergency surgery" necessitated by the injuries he sustained on May 4, 2020.[42] As such, the injury forming the basis of Plaintiff's claims against Dr. Lavespere clearly occurred prior to Plaintiff filing his original Petition on March 10, 2021, especially considering that Plaintiff described his purported mistreatment at the hands of Dr. Lavespere in the original Petition (which description is very similar to what is alleged in the Amended Petition).[43] While Plaintiff was required to exhaust all administrative remedies prior to filing suit against Dr. Lavespere,[44] which did not occur until April 7, 2021,[45] Plaintiff's claim against Dr. Lavespere arose prior to the date he filed the original Petition. Therefore, Plaintiff's Amended Petition (R. Doc. 1-5) is an amended petition, which did not require leave prior to filing under La. C.C.P. art. 1151 because no answer had been filed. Regardless, assuming *arguendo* that R. Doc. 1-5 is a supplemental petition, "[b]ecause no answer was ever filed herein, [the Court is] constrained to conclude that plaintiffs were entitled to file the second supplemental and amended petition **without leave of court**."[46] Accordingly, Defendants' second argument also does not support striking Plaintiff's Amended Petition from the record.

### 3. Defendants Have Not and Cannot Show Prejudice

Defendants have not argued that they are prejudiced by Plaintiff's Amended Petition.[47] Regardless, Defendants have not shown, and cannot show, that they were prejudiced—much less

---

1983. Although federal courts look to federal law to determine when a civil rights action accrues, state law supplies the applicable limitations and tolling provisions." *Id*. at 156-57 (internal quotations and citations omitted).

[42] *See* R. Doc. 1-5, ¶¶ 33-35 (describing Dr. Lavespere's purported mistreatment).
[43] *Compare* R. Doc. 1-1, ¶¶ 32-35, and R. Doc. 1-5, ¶¶ 33-34.
[44] *See Cyriak v. Kidd*, No. 13-3130, 2015 WL 1284255, at *3 (W.D. La. Mar. 19, 2015) (explaining prisoner plaintiff's exhaustion of administrative remedies requirement).
[45] R. Doc. 1-5, ¶ 2.
[46] *East Tangipahoa Development Co., LLC v. Bedico Junction, LLC*, 2008-1262 (La. App. 1. Mar. 27, 2009), 5 So.3 238, 249-250 (discussing La. C.C.P. art. 1151 only, but holding that the trial court erred by denying plaintiffs leave to file their supplemental and amended petition because no leave to file same was required where no answer was ever filed) (emphasis in original).
[47] *See, generally*, R. Doc. 3-1.

significantly prejudiced—by the filing of the Amended Petition or that the presence of the Amended Petition in the record will be prejudicial. First, the allegations against Dr. Lavespere were included in Plaintiff's original Petition. Second, the original Petition and Amended Petition were served on Defendants at the same, and Defendants have yet to file an answer or other responsive pleading to either. Third, as explained during the June 21 conference,[48] this case is in its infancy and no scheduling order is in place. However, once a scheduling order is entered, it will contain a deadline by which the parties may amend pleadings. Thus, even if the Motion were granted, Plaintiff would still have an opportunity to file an amended and/or supplemental petition under the yet-to-be entered scheduling order and/or as provided by Fed. R. Civ. P. 15(a). As such, Defendants are not prejudiced by the Amended Petition.

### III. CONCLUSION

As Defendants have not met their heavy burden of establishing that striking Plaintiff's Amended Petition, filed in state court before removal, is warrant, **IT IS ORDERED** that Defendants' Motion to Strike is **DENIED**.

A scheduling conference order will issue.

Signed in Baton Rouge, Louisiana, on September 15, 2022.

                                                   **ERIN WILDER-DOOMES**
                                                   **UNITED STATES MAGISTRATE JUDGE**

---

[48] R. Doc. 9.